■ In the Matter of the Claim of FILIBERTO VASQUENZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeals Board determining that claimant was ineligible for benefits effective January 18,

1965 for lack of total unemployment (Labor Law, § 522). Claimant, a construction worker, was employed by a corporation formed on May 18, 1964 to do concrete work as subcontractors in the construction industry, all the stock of which was issued to claimant's wife, who was also designated president. From the corporation's inception claimant worked steadily on behalf of the corporation until January of 1965 when cold weather prevented further work whereupon he made the disputed claim for benefits. Claimant asserts that there is no basis for the board's finding of a lack of total unemployment. The record, however, supports the board's findings that while claimant's wife and members of her family supplied most of the cash to begin the venture, claimant provided the tools and fixtures and the good will he had established in the industry. Furthermore, despite the fact he was paid according to union scale solely for his work as a laborer, claimant was a vice-president of the corporation until March 5, 1965, when he resigned by his own admission because he believed his position led to his disqualification from unemployment benefits, and the board could properly find that in such capacity or otherwise claimant devoted both during the working period and the slack season here involved substantial time to the family business beyond his duties as a laborer. The board could clearly conclude that claimant who had the contracts with the construction industry and who was responsible for hiring and firing was the actual entrepreneur of the venture, rather than his housewife spouse, and as such continued his activities on behalf of the corporation even during the slack season. In deciding the question of total unemployment in a given case not only as to the determination of the factual disputes must the board's decision prevail if supported by substantial evidence (Labor Law, § 623) but, also, as this court recently pointed out in *Matter of Newman* (*Catherwood*) (24 A D 2d 1042), as to the very " construction and application given the flexible term ' total unemployment ' " unless it can " be said to lack rational basis or to be arbitrary or capricious ". Such is clearly not the case here. Decision affirmed, without costs. Gibson, P. J., Aulisi and Staley, Jr., JJ., concur; Taylor, J., not voting.